■ EDWARD ZACHARA et al., Appellants, v OCCIDENTAL CHEMICAL CORPORATION, Formerly Known as HOOKER CHEMICAL AND PLASTICS CORP., Respondent.—Order and judgment unanimously reversed on the law and in the exercise of discretion with costs and new trial granted, in accordance with the following memorandum: The jury verdict was contrary to the weight of the evidence in that there was no fair interpretation of the proof upon which the jury could have found that defendant was free of negligence (see, Nicastro v Park, 113 AD2d 129, 133-134). The proof established a breach of defendant's duty to provide plaintiff with a safe place to work. The evidence was that defendant's housekeeping crews were solely responsible for cleaning the conveyor units prior to the work and that no effort had been made to clean conveyor No. 1. As a direct result, plaintiff had to work on a 3-to-4-inch layer of grease which caused him to fall. The proof, including the testimony of several of defendant's employees, also established that plaintiff was authorized to be in conveyor No. 1, and the testimony of defendant's sole witness did not demonstrate otherwise. Thus, there is no fair interpretation of the evidence that would support the jury's conclusion that defendant was not negligent in failing to provide a safe working environment for plaintiff.

Since there must be new trial, we additionally note that the court erred in refusing plaintiffs' request to charge Labor Law § 241 (6) and 12 NYCRR 23-1.7 (d) on the issue of defendant's negligence. The statute and regulation are directly applicable to the facts of this case and plaintiffs' evidence demonstrated a violation of those provisions. (Appeal from order and judgment of Supreme Court, Niagara County, Mintz, J.—negligence.) Present—Callahan, J. P., Denman, Boomer, Green and Lawton, JJ.